UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EUGENE MCKINZIE,**

    **Applicant,**

v.                                                      **Case No. 8:18-cv-634-T-60TGW**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

Eugene McKinzie applies for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of McKinzie's *pro se* application, the response (Doc. 8), and the reply (Doc. 12), it is **ORDERED** that the application is **DISMISSED AS TIME-BARRED**.

## Procedural History

McKinzie entered an open guilty plea in two state court cases. In case number 04-CF-22155, McKinzie pleaded guilty to burglary of a dwelling and grand theft. (Doc. 9-10 Ex. 14 at doc. p. 32) In case number 04-CF-23996, he pleaded guilty to burglary of a dwelling, giving false information on a pawnbroker form, and dealing in stolen property. (Doc. 9-10 Ex. 14 at doc. p. 41) McKinzie was sentenced to a composite term of 40 years in prison. (Doc. 9-10 Ex. 14 at doc. pp. 35-39, 44-48) McKinzie's motion to withdraw plea was denied. (Doc. 9-2 Ex. 1 at doc. p. 5; Ex. 2 at doc. p. 12) He did not appeal.

The state trial court denied McKinzie's motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850. (Doc. 9-3 Ex. 3 at doc. pp. 1-14) The state appellate court denied McKinzie's petition for belated appeal. (Doc. 9-10 Exs. 5, 6) McKinzie subsequently filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 9-10 Ex. 13) The state trial court denied the relief sought in the motion but directed the clerk of court to correct the written sentencing documents to accurately reflect the court's oral pronouncement of sentence. (Doc. 9-10 Ex. 14) The state appellate court *per curiam* affirmed the denial of McKinzie's Rule 3.800(a) motion. (Doc. 9-10 Ex. 19)

## **Untimeliness Of Federal Habeas Application**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). The AEDPA provides a one-year limitations period for filing a § 2254 habeas application. This period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

McKinzie's sentences were entered on July 28, 2005. His motion to withdraw plea delayed rendition of the sentences until the motion was denied on January 18, 2006. (Doc. 9-2 Ex. 1 at doc. p. 5; Ex. 2 at doc. p. 12)  *See* Fla. R. App. P. 9.020(h)(1)(I),

(2)(A) (providing that a final order is not "rendered" until the court disposes of a timely-filed motion to withdraw plea).

Because McKinzie did not appeal, his judgment became final on February 17, 2006, upon expiration of the 30-day period to file a notice of appeal. *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009) ("Appellant did not appeal his judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time for filing an appeal passed."). McKinzie allowed 326 days of untolled time to elapse before filing his Rule 3.850 motion on January 10, 2007.[1] That motion was denied on September 21, 2010. (Doc. 9-3 Ex. 3 at doc. p. 1) McKinzie did not appeal the denial of relief. The AEDPA limitations period was tolled until October 21, 2010, when the 30-day period to file a notice of appeal concluded. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that a claim is pending for the time during which an appeal can be taken "because an appeal is part of the state collateral review process, and a claim remains pending until the completion of the process[.]").

McKinzie had 39 days, until November 29, 2010, to file his federal habeas application. McKinzie did not file any other tolling applications in state court prior to this deadline. No state court application filed after the expiration of the AEDPA limitations period affords McKinzie statutory tolling. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period

---

[1] Respondent omitted the Rule 3.850 motion from the record before this Court. However, McKinzie does not dispute the January 10, 2007 filing date identified in the response.

3

remaining to be tolled."). Accordingly, McKinzie's federal habeas application, filed March 12, 2018, is untimely.

In 2015, McKinzie filed a Rule 3.800(a) motion to correct illegal sentence. (Doc. 9-10 Ex. 13) The motion was denied. (Doc. 9-10 Ex. 14) Recognizing a discrepancy between the oral and written sentences, however, the state trial court directed that the written sentencing documents be corrected to accurately reflect the court's oral pronouncement of sentence. (Doc. 9-10 Ex. 14) Under Florida law, when the written and oral sentences are inconsistent, the oral sentence controls. *See Williams v. State*, 957 So.2d 600, 603 (Fla. 2007) ("[The Florida Supreme Court] has held that a court's oral pronouncement of a sentence controls over the written sentencing document.") (citing *Ashley v. State*, 850 So.2d 1265, 1268 (Fla. 2003) and *Justice v. State*, 674 So.2d 123, 126 (Fla. 1996)).

The state court noted that in case number 04-CF-22155, McKinzie was sentenced "to ten years in Florida State Prison as a Habitual Felony Offender for count two." (Doc. 9-10, Ex. 14 at doc. p. 30) However, because the written sentencing document "for count two does not indicate that [McKinzie] was sentenced as a Habitual Felony Offender", the court concluded that McKinzie's "written sentence for that count must be corrected." (Doc. 9-10, Ex. 14 at doc. p. 30) The court also found that correction to the written sentences for counts two and three in case number 04-CF-23996 was necessary because "[t]he Court sentenced [McKinzie] to forty years in Florida State Prison with a thirty-year mandatory minimum term as a Violent Career Criminal for count one, and to thirty years in Florida State Prison as a Habitual

4

Felony Offender for counts two and three," but the "written sentence indicates that he was sentenced to forty years in Florida State Prison with a thirty-year mandatory minimum term as a Violent Career Criminal for all three counts." (Doc. 9-10 Ex. 14 at doc. p. 30) On November 24, 2015, corrected sentencing documents were filed in accord with the state trial court's order. (Doc. 9-10 Exs. 15, 16)

For purposes of the AEDPA limitations period, "there is one judgment, comprised of both the sentence and conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007)). "[A] state prisoner's AEDPA limitations period does not begin to run until both his conviction and sentence become final[.]" *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 501 (11th Cir. 2015).[2] A change to a sentence after its imposition can result in a "new judgment" that resets the AEDPA limitations period. *See Insignares*, 755 F.3d at 1281 ("The limitations provisions of AEDPA 'are specifically focused on the judgment which holds the petitioner in confinement,' and resentencing results in a new judgment that restarts the statute of limitations.") (quoting *Ferreira*, 494 F.3d at 1292-93). In determining whether a new judgment has been entered, "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017) (emphasis in original).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

5

The corrected sentencing documents entered in 2015 did not result in a "new" judgment that started a new AEDPA limitations period. The corrected sentencing documents did not create authorization for Respondent to confine McKinzie. Rather, the written sentences were merely amended to accurately state the court's oral sentences. The oral sentences are the controlling sentences that McKinzie has continuously served. *See Williams*, 957 So.2d at 603 ("[T]he oral pronouncement controls and constitutes the legal sentence imposed."). Therefore, McKinzie is not entitled to a later start date of the AEDPA limitations period.[3]

## Inapplicability of *Martinez v. Ryan*

Citing *Martinez v. Ryan*, 566 U.S. 1 (2012), McKinzie contends that he is entitled to review of his untimely application because his postconviction counsel was ineffective. *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. *Martinez* has no effect on the timeliness analysis.

"What the *Martinez* decision did—and the only thing it did—was create a narrow, equitable exception to the general rule that a petitioner cannot rely on the ineffectiveness of collateral counsel to serve as cause to excusing the procedural default of a claim in state court, thereby permitting federal habeas review of the merits of that claim." *Chavez v. Sec'y, Dep't of Corr.*, 742 F.3d 940, 945 (11th Cir.

---

[3] Alternatively, even assuming that the corrected sentences entered in 2015 resulted in a "new" judgment, McKinzie's § 2254 application is still untimely, as correctly calculated in the response. (*See* Doc. 8 at 8-9)

6

2014). Since *Martinez* only involves the circumstances under which an applicant may overcome a procedural default, *Martinez* "has no application to other matters like the one-year statute of limitations period for filing a § 2254 petition." *Id.*; *see also Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

### No Showing Of Actual Innocence Or Entitlement to Equitable Tolling

McKinzie has not argued or shown that he is actually innocent of the offenses for which he was convicted. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (holding that actual innocence, if proven, allows for review of an untimely § 2254 application). Nor has he alleged or demonstrated entitlement to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (holding that the time limitation for filing a § 2254 application is subject to equitable tolling). Accordingly, McKinzie's application must be dismissed as time-barred.

### Conclusion

It is therefore **ORDERED** that McKinzie's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against McKinzie and to **CLOSE** this case.

It is further **ORDERED** that McKinzie is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) permits issuing

a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, McKinzie must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the application is time-barred, McKinzie is entitled to neither a certificate of appealability nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. McKinzie must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of October, 2020.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**